UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PEDRO VALENTIN DAVILA,       )
    Plaintiff             )
                          )
               v.         )   C.A. 12-cv-30215-MAP
                          )
CAROLYN W. COLVIN, Acting    )
Commissioner of the Social   )
Security Administration,     )
    Defendant             )

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
AND DEFENDANT'S MOTION TO AFFIRM THE COMMISSIONER'S DECISION
(Dkt. Nos. 13 & 18)

October 29, 2013

PONSOR, U.S.D.J.

    Plaintiff in this case seeks review of a final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, denying him Social Security disability benefits for the period between September 8, 2008, and April 19, 2011.  Significantly, Defendant awarded disability benefits to Plaintiff starting on April 19, 2011, the day he turned 55.

    The court heard argument on the parties' cross-motions on October 24, 2013.  At the conclusion of the hearing, the court found substantial evidence supporting the decision of the Administrative Law judge ("ALJ") and indicated it was going to deny Plaintiff's Motion for Judgment on the

Pleadings and allow Defendant's Motion Affirming the Commissioner's Decision.  This memorandum will summarize the court's reasoning.

At the time of his initial application, Plaintiff was a 52-year-old male with a high school education and previous work experience as a furniture delivery driver and mail sorter.  Beginning in September of 2008, he began experiencing lower back pain.  He was seen by Dr. Jeffrey Fulford of Brightwood Health Center and later by Dr. Scott Cowan, a spinal surgeon.  In December of 2008, he also consulted with Dr. Amarjit Virdi, a pain management specialist.  While they support some degree of impairment, none of the reports of these three doctors provides substantial evidence of disability suffered by Plaintiff.  It is true that Plaintiff certainly suffered some chronic back pain.  He received several lumbar epidural steroid injections, which provided him with some relief from his pain.  However, the pain was never incapacitating: the highest level of pain Plaintiff reported to his doctors was a five on a scale of ten.

In May of 2011, Plaintiff appeared before the ALJ and testified as to some limitations due to pain.  The pain, according to Plaintiff, was severe when he exerted himself but otherwise intermittent and did not prevent him from

doing "normal stuff" at home.  At the hearing, a vocational expert testified that, given Plaintiff's limitations, he could work as a ticket taker or seller, jobs that existed in significant numbers in the community.

Based upon the medical record and testimony at the hearing, the ALJ found that Plaintiff was not entitled to disability benefits up to the time when he turned 55, on April 19, 2011.  As of that date, however, Plaintiff became a "person of advanced age" under social security regulations.  20 C.F.R. § 404.1563.  Accordingly, the ALJ found that after turning 55, Plaintiff suffered a disability that made it impossible for him to work and qualified him for disability benefits.

The record contains ample evidence substantially supporting the ALJ's decision, particularly in light of the absence of any substantial evidence of disability prior to age 55.  See Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (stating that the Secretary's "findings of fact are conclusive if supported by substantial evidence" and the denial of social security disability benefits stands unless the Secretary "has committed a legal or factual error in evaluating a particular claim").

For these reasons, Plaintiff's Motion for Judgment on

the Pleadings (Dkt. No. 13) is hereby DENIED, and Defendant's Motion to Affirm the Commissioner's Decision (Dkt. No. 18) is hereby ALLOWED.  The clerk is ordered to enter judgment for Defendant.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge